IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| LAMAR ADVANTAGE GP COMPANY, LLC, a Delaware Corporation, and WILLIAM R. WOESSNER, an individual, and STEVEN M. BROWN, an individual, | ) ) ) ) ) | Civil Action No.: 2:21-cv-00183 |
| | ) | **AMENDED COMPLAINT FOR** |
| | ) | **DECLARATORY RELIEF** |
| Plaintiffs, | ) | **AND OTHER RELIEF** |
| | ) | |
| vs. | ) | |
| | ) | FILED ON BEHALF OF PLAINTIFFS: |
| THE TOWNSHIP OF ROBINSON and | ) | LAMAR ADVANTAGE GP COMPANY, |
| THE MUNICIPAL AUTHORITY OF | ) | LLC, a Delaware Corporation, and |
| THE TOWNSHIP OF ROBINSON, | ) | WILLIAM R. WOESSNER, an individual, |
| | ) | and STEVEN M. BROWN, an individual, |
| Defendants. | ) | |
| | ) | |
| | ) | COUNSEL OF RECORD FOR THE |
| | ) | PLAINTIFFS: |
| | ) | |
| | ) | JOHN M. SMITH, ESQUIRE |
| | ) | PA. I.D. NO. 75663 |
| | ) | |
| **JURY TRIAL DEMANDED** | ) | |
| | ) | SMITH BUTZ, LLC |
| | ) | 125 TECHNOLOGY DRIVE, SUITE 202 |
| | ) | BAILEY CENTER I, SOUTHPOINTE |
| | ) | CANONSBURG, PA  15317 |
| | ) | (724) 745-5121 |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

LAMAR ADVANTAGE GP                )    Civil Action No.: 2:21-cv-00183
COMPANY, LLC, a Delaware          )
Corporation, and WILLIAM R.       )
WOESSNER, an individual, and      )
STEVEN M. BROWN, an individual,   )
                                  )
        Plaintiffs,               )
                                  )
vs.                               )
                                  )
THE TOWNSHIP OF ROBINSON and      )
THE MUNICIPAL AUTHORITY OF        )
THE TOWNSHIP OF ROBINSON,         )
                                  )
        Defendants.               )

## AMENDED COMPLAINT FOR DECLARATORY RELIEF AND OTHER RELIEF

AND NOW, come the Plaintiffs, LAMAR ADVANTAGE GP COMPANY, LLC, a Delaware Corporation, WILLIAM R. WOESSNER, an individual, and STEVEN M. BROWN, an individual, by and through their attorneys, JOHN M. SMITH, ESQUIRE and the law firm of SMITH BUTZ, LLC, and file the within Amended Complaint for Declaratory Relief and Other Relief and in support thereof avers the following:

## I. THE PARTIES

1.      Plaintiff, Lamar Advantage GP Company, LLC, (hereinafter "Lamar") is a Delaware limited liability company, registered to conduct business in the Commonwealth of Pennsylvania with a business address of 740 Trumbull Drive, Pittsburgh, Pennsylvania 15205 which is located in Greentree Borough, Allegheny County, Pennsylvania.

2.      Plaintiff, William R. Woessner, (hereinafter sometimes referred to as "Woessner") is an adult individual who resides at and owns real property known as 101 Stewart Court, Robinson Township, Allegheny County, Pennsylvania; Block and Lot No. 207-N-69 in the Department of Real Estate of Allegheny County, Pennsylvania (hereinafter sometimes referred to as the "Woessner Property").

1

3.      Plaintiff, Steven M. Brown (hereinafter sometimes referred to as "Brown") is an adult individual who resides at and owns real property known as 125 Stafford Court, Robinson Township, Allegheny County, Pennsylvania Block and Lot No. 207-N-99 in the Department of Real Estate of Allegheny County, Pennsylvania. (hereinafter sometimes referred to as the "Brown Property"), (Lamar, Woessner and Brown are hereinafter collectively referred to as the "Plaintiffs").

4.      Defendant, the Township of Robinson (hereinafter sometimes referred to as "Robinson" or "Township") is a First-Class Township organized and existing under the laws of the Commonwealth of Pennsylvania with its main office located at 1000 Church Hill Road, Robinson Township, Allegheny County, Pennsylvania 15136.

5.      Defendant, the Municipal Authority of the Township of Robinson, (hereinafter sometimes referred to as "MATR") is a municipal authority organized and existing pursuant to the Pennsylvania Municipality Authorities Act, Act of May 2, 1945, P.L. 382 §1 *et seq*., as amended, replaced by the Municipal Authorities Act, Act of June 19, 2001, P.L. 287, No. 22 §1, as amended (53 Pa.C.S.A. §5601, *et seq*.) (the "Authorities Act"), and having its principal offices at 4200 Campbells Run Road, Robinson Township, Allegheny County, Pennsylvania.

## II.   JURISDICTION AND VENUE

6.      This action was initially and properly filed with the Court of Common Pleas of Allegheny County, Pennsylvania at Docket No. GD-20-012507.

7.      TLC Properties, Inc. (hereinafter "TLC"), is a registered foreign corporation, and wholly owned subsidiary of Lamar.

8.      TLC owns real property located in Campbells Run Road, Robinson Township, Allegheny County, PA, having a Parcel Identification of 265-J-94.

9.      Lamar owns thousands of outdoor advertising signs located in Allegheny County, Pennsylvania.

10.      Lamar's outdoor advertising signs comprise nearly all of the outdoor advertising medium that disseminates noncommercial and commercial messages within Robinson.

11.    Specifically, Lamar owns and operates eight (8) outdoor advertising signs, in five (5) locations, within Robinson, which are defined by the Robinson Zoning Ordinance as "Billboards".[1]

12.    Lamar has been required to obtain approval of their Billboards through the Township's conditional use procedure. An inventory of the current locations of the Lamar Billboards located in Robinson is attached hereto, incorporated herein and made part hereof as **Exhibit "A"**.

13.    Robinson as a First-Class Township organized and existing under the Pennsylvania Township Code, 53 P.S. §§ 55101 *et seq.* is a "political subdivision" pursuant to the Sunshine Act's definitions at 65 Pa.C.S.A. § 703.

14.    Woessner and Brown as identified above, both own real property and reside in Robinson Township, Allegheny County, Pennsylvania and pay real estate and earned income taxes

15.    Lamar, as identified above, owns real property in Robinson Township, Allegheny County, Pennsylvania and pays real estate taxes.

16.    The Court of Common Pleas of Allegheny County, Pennsylvania had jurisdiction over this matter pursuant to 42 Pa.C.S.A. §931(a), (broad general jurisdiction of Common Pleas in actions and proceedings); 42 Pa.C.S.A.§ 7532 (referring to Declaratory Judgments in 42 Pa.C.S. § 7531-7541); the Sunshine Act's jurisdictional provision 65 Pa.C.S. §715 (which refers to "injunction or other remedy") and Pennsylvania Rules of Civil Procedure 42 Pa. C.S.A. §5571.1. (a)(2).

17.    Venue was proper as all parties either reside or have principal places of business in Allegheny County, Pennsylvania.

18.    The Defendants noticed removal of this lawsuit to this Federal Court on the basis of Federal Question Jurisdiction, despite the opposition by Plaintiffs and the inclusion of State law claims. Nonetheless, the same was ultimately removed to Federal Court and stayed by way of a Memorandum Order dated August 23, 2021 (*See*, ECF Doc. 23).

---

[1] Robinson has adopted a codification of its' Ordinances which is knowns as the "Code of the Township of Robinson". Chapter 300 of the Code is entitled the "Robinson Township Zoning Ordinance" (hereinafter "Robinson Zoning Ordinance").

3

19.    A stay in the instant matter was entered pending a determination by the Honorable Judge James, docketed at SA-20-000590 regarding whether the signage at issue were considered "government signs" or "billboards". *Id*.

20.    The Parties filed agreed upon Stipulated Facts on September 24, 2021, in the related Land Use Appeal.  A true and correct copy of the Stipulated Facts and the exhibits identified therein, are attached hereto, incorporated herein and marked as **Exhibit "B".**

21.    In the Land Use Appeal, Counsel filed opposing Briefs on the issue of whether the signs in question are "government signs" or "billboards" and participated in oral argument on February 9, 2022.

22.    On March 15, 2022, the Honorable Judge James issued an Order of Court and Findings of Fact and Conclusions of Law in the Land Use Appeal, holding that:

> **"1. *The Court finds that the approval of the signs as municipal signs or welcome signs was in error.***
>
> **2. *The signs are billboards and are only permitted as conditional uses under the existing Code."***

A true and correct copy of the Order and Findings of Fact and Conclusions of Law dated March 15, 2022, are attached hereto as **Exhibit "C" and Exhibit "D, respectively.**  *Note the Findings of Fact filed by Judge James (Exhibit "D", does not have the referenced Exhibits attach. See Exhibit "B".*

23.    In the aforesaid Land Use Appeal, on April 12, 2022, Robinson filed a Notice of Appeal to Judge James' Order of March 15, 2022. Which is docketed in the Commonwealth Court at 440 CD 2022.

24.    Thereafter, the undersigned provided to this Court, per its Order of April 22, 2022, a copy of Judge James' Order of Court and Findings of Fact and Conclusions of Law. (*See,* ECF Doc. 35).

25.    On May 28, 2022, this Honorable Court entered an Order lifting the stay in the instant matter. (*See*, ECF Doc. 38).

26.    On April 29, 2022, the Plaintiffs in the Land Use Appeal filed an Application to Vacate the Automatic Supersedeas pursuant to Pa.R.C.P. 1732.  Setting forth in part, Robinson Township's position to the Honorable Judge Coville in its Opposition to Remand as to the applicability of the state Court Order on the instant matter in Federal Court provided that: "the

Township agrees to a stay of the federal case until the state court rules on the core issue as to whether the allegedly offending signs are governmental signs or billboards. Resolving this core issue would clarify for the parties whether the erection of the signs should have been subject to the requirements of various Township Ordinances and state law if the state court determines that they were billboards."

27.     On June 1, 2022, Judge James entered an Order granting the Plaintiffs' Application to Vacate the Automatic Supersedeas. A true and correct copy of the Judge James' Order Vacating the Automatic Supersedeas in the Land Use Appeal, is attached hereto, incorporated herein and marked as **Exhibit "E".**

28.     Pursuant to the Case Management Order in the instant matter, the Court has granted leave for any party to file Amended Pleadings, on or before June 13, 2022. (*See*, EFC. Doc. 39).

29.     As more fully set forth in the averments below, Lamar was unaware until on or about November 11, 2020, that the approval of a Lease Agreement between the Robinson Board of Commissioners and PTM Advertising, LLC or PTM Outdoor Limited Liability Company (hereinafter referred to as "PTM Advertising")[2], for "Township Welcome Signs" occurred on August 3, 2020.

30.     **The aforesaid Lease Agreement was never identified on the Robinson Board of Commissioner meeting Agendas as consideration for the approval of Billboards nor was it discussed and/or approved at any Public Meetings prior to August 3, 2020, as such.**

31.     The Robinson Board of Commissioners August 3, 2020 approval of a Lease Agreement between Robinson and PTM Advertising for "**Township Welcome Signs**" was in reality a subterfuge by Robinson in order to circumvent the Robinson Zoning Ordinance process for the approval of commercial Billboards, without public advertisement of the same and/or without holding a public meeting to discuss and approve said action.

32.     The within Amended Complaint is brought in accordance with 42 Pa. C.S.A. §5571.1. (a)(2) and 42 Pa. C.S.A. §5571.1.(b), as a Declaratory Judgment Action to declare in part that the Robinson Board of Commissioners August 3, 2020 approval of a Lease Agreement between Robinson and PTM Advertising for "**Township Welcome Signs**"

---

[2] Pursuant to the Pennsylvania Department of State, Corporation Bureau, PTM Advertising, LLC has registered a fictitious name of "Right Light". PTM Outdoor Limited Liability Company is also a registered Pennsylvania business entity. All of the aforesaid entities have a reported business address of 3000 Stonewood Drive, Suite 300, Wexford PA 15090.

a. was and is an impermissible violation of Lamar's constitutional rights as set forth below; and

b. to declare in part, that the Robinson Board of Commissioners August 3, 2020 approval of a Lease Agreement between Robinson and PTM Advertising for commercial outdoor advertising billboards, without public advertisement of the same and/or without holding a public meeting to discuss and approve said action was and is in violation of the Sunshine Act (65 Pa.C.S.A. § 713 *et seq*.).

33.     It is also believed and therefore averred that the MATR Board of Directors at some time in 2020 also entered into and approved a billboard Lease Agreement between MATR and PTM Advertising ("MATR Lease Agreement") for the construction of and installation of some type of "Township Welcome Signs" on real property owned by MATR.

34.     **It is also believed and therefore averred that the MATR Lease Agreement was never identified on any MATR Board Meeting Agendas as consideration for the approval of Billboards, and/or the MATR Lease Agreement, nor was it discussed and/or approved at any public meeting(s) in 2020 or thereafter.**

35.     The within Amended Complaint is brought in accordance with 42 Pa. C.S.A. §5571.1. (a)(2) and 42 Pa. C.S.A. §5571.1.(b), as a Declaratory Judgment Action to declare in part that MATR Board of Director's approval of the MATR Lease Agreement between MATR and PTM Advertising for some type of "**Township Welcome Signs"** billboard;

a. was and is an impermissible violation of Lamar's constitutional rights as set forth below; and

b. to declare in part that that MATR Board of Director's approval of the MATR Lease Agreement between MATR and PTM Advertising for commercial outdoor advertising billboards, without public advertisement of the same and/or without holding a public meeting to discuss and approve said action was and is in violation of the Sunshine Act (65 Pa.C.S.A. § 713 *et seq*.).

### III.  BACKGROUND

36.     On the June 1, 2020, Township Board of Commissioners Meeting Agenda, the following matter appeared as Agenda item 17:

"Discussion/Motion to approve the negotiation and execution of a Lease Agreement between the Township and PTM Advertising of Wexford, Pennsylvania for the construction, erection, maintenance

and leasing of **governmental signs** in the Township of Robinson, Allegheny County, Pennsylvania." (emphases supplied)

Attached hereto, incorporated herein and made part hereof as **Exhibit "F"** is a true and correct copy of the June 1, 2020 Agenda.

37.    The Minutes of the June 1, 2020 Township Board of Commissioners Meeting reflects that the Board, by unanimous vote, took the following official action with respect to Agenda item 17:

"MOTION: Barefoot SECOND: Shiwarski to table negotiation and execution of a Lease Agreement between the Township and PTM Advertising of Wexford, Pennsylvania for the construction, erection, maintenance and leasing of **governmental signs** in the Township of Robinson, Allegheny County, Pennsylvania." (emphasis supplied)

Attached hereto, incorporated herein and made part hereof as **Exhibit "G"** is a true and correct copy of the June 1, 2020 Minutes.

38.    On the July 6, 2020, Township Board of Commissioners Meeting Agenda, the following matter appeared as Agenda item 17:

"Discussion/Motion to approve the negotiation and execution of a Lease Agreement between the Township and PTM Advertising of Wexford, Pennsylvania for the construction, erection, maintenance and leasing of **governmental signs** in the Township of Robinson, Allegheny County, Pennsylvania." (emphases supplied)

Attached hereto, incorporated herein and made part hereof as **Exhibit "H"** is a true and correct copy of the July 6, 2020 Agenda.

39.    The Minutes of the July 6, 2020 Township Board of Commissioners Meeting reflects that the Board, by unanimous vote, took the following official action with respect to Agenda item 17:

"MOTION: Barefoot SECOND: Kisow to approve the negotiation of a Lease Agreement between the Township and PTM Advertising of Wexford, Pennsylvania for the construction, erection, maintenance and leasing of **governmental signs** in the Township of Robinson, Allegheny County, Pennsylvania."(emphasis supplied)

Attached hereto, incorporated herein and made part hereof as **Exhibit "I"** is a true and correct copy of the July 6, 2020 Minutes.

40.     On the August 3, 2020, Township Board of Commissioners Meeting Agenda, the following matters appeared as Agenda items 21 and 22:

> "21. Discussion/Motion to approve Lease Agreement between Robinson Township and PTM Advertising for **Township Welcome Signs**". (emphasis supplied)

> "22. Discussion/Motion to approve Construction Contract between Robinson Township and PTM Advertising for **Township Welcome Signs**". (emphasis supplied)

Attached hereto, incorporated herein and made part hereof as **Exhibit "J"** is a true and correct copy of the August 3, 2020 Agenda.

41.     The Minutes of the August 3, 2020 Township Board of Commissioners Meeting reflects that the Board, by unanimous vote, took the following official action with respect to Agenda items 21 and 22:

> "MOTION: Barefoot SECOND: Kisow to approve Lease Agreement between the Township and PTM Advertising for Township **welcome signs**." (emphasis supplied) (hereinafter the "PTM Lease")

> "MOTION: Shiwarski SECOND: Mancini to approve Construction Contract between the Township and PTM Advertising for Township **welcome signs**." (emphasis supplied)

Attached hereto, incorporated herein and made part hereof as **Exhibit "K"** is a true and correct copy of the August 3, 2020 Minutes.

42.     Section 300-3 of the Township Zoning Ordinance provides for the applicability of the Ordinance as follows:

> § 300-3.  Applicability.

> After the effective date of this chapter, no building or land shall be used or occupied and no building or part thereof shall be erected, moved or altered unless in conformity with the regulations herein specified for the district in which it is located, and then only after applying for and securing all necessary permits and licenses required by all applicable laws and ordinances.

43.     There exists no exemption for the application of the provisions of the Robinson Zoning Ordinance to any governmental body except for public utility corporations (*limited to an*

*existing or proposed building, or extension thereof, used or to be used by a public utility corporation*), who in accordance with §619 of the Pennsylvania Municipalities Code, are exempt from Zoning Regulations. See § 300-7 Public Utility corporations.

44.    Accordingly, the Robinson Zoning Ordinance does not include an exemption for Robinson or MATR and is therefore applicable to the use, improvement or alteration of all property owned by Robinson, MATR and any other governmental body, specifically the erection and use of billboards.

45.    Pursuant to Section 300-12 of the Robinson Zoning Ordinance, the term "billboard" is defined under the Sign definitions as follows:

> G.    BILLBOARD – **An off-premises sign which advertises an establishment, an activity, a product, or a service which is unrelated to or unavailable on the lot upon which the sign is located.**  A billboard shall include an electronic sign panel to the extent that the content of the electronic sign panel satisfies the requirements of this chapter. (emphasis supplied)

46.    Pursuant to Section 300-12 of the Robinson Zoning Ordinance, the term "Government Sign" is defined under the Sign definitions as follows:

> V. GOVERNMENT SIGN -Any temporary or permanent sign erected and maintained by Robinson Township, county, state, federal government or school district **for traffic direction, or for designation of or direction to any school, hospital site or any public service property or facility.** (emphasis supplied)

47.    "Welcome Signs" is not a defined term in the Robinson Zoning Ordinance nor is there any reference of the same as a use in the Robinson Zoning Ordinance.

48.    "Billboards" in Robinson are only permitted in the C-2 Community Commercial Zoning District and the I-2 General Industrial District of Robinson as conditional uses. See § 300-42. B.(2)(l) of the Township's Zoning Ordinance for approval of a billboard as a conditional use in the C-2 Zoning district and § 300-49. B.(2)(b) of the Robinson Zoning Ordinance for approval of a billboard as a conditional use in the I-2 Zoning district.

49.    The Robinson Zoning Ordinance provides a multitude of specific criteria and standards for the location, size and height, construction methods and maintenance that must be met in order to obtain a conditional use approval for a billboard. See §300-98 A. (7), A true and correct

copy of the specific criteria for billboard approval as a conditional use, is attached hereto, incorporated herein and marked as **Exhibit "L".**

50.     Robinson Zoning Ordinance, §§ 300-94 and 300-95 provides for a specific approval process for a Billboard as a conditional use with review and recommendation by the Robinson Planning Commission and Board of Commissioner approval.

51.     The approval process requires a public hearing pursuant to public notice, that is to be adhered to in connection with the approval of a Billboard as a conditional use. Attached hereto, incorporated herein and made part hereof as **Exhibit "M"** is a true and correct copy Robinson Zoning Ordinance §§300-94 and 300-95.

52.     On or about **November 11, 2020**, for the first time, representatives of Lamar observed the erection and operation of a Billboard, with an electronic sign panel, within Clever Park, a Township Park abutting Clever Road, that depicts advertisements of products and services for a variety of commercial businesses and individuals.

53.     Also, on or about November 11, 2020, Woessner and Brown, whose properties are located on public roads directly across from Clever Park, also observed the erection and operation of the Billboard in Clever Park which included advertisements of products and services for a variety of companies and individuals.

54.     Upon further investigation, it is believed and thus averred that by virtue of the August 3, 2020 Robinson Board of Commissioners approvals described above, PTM Advertising began the construction and erection of at least six (6) outdoor advertising signs in Robinson (hereinafter the "PTM Signs"). The locations of the PTM Signs and their zoning district locations are described on **Exhibit "N"** attached hereto, incorporated herein and made part hereof. Photographs of the PTM Signs are depicted on **Exhibit "O"** attached hereto, incorporated herein and made part hereof.

55.     As set forth on **Exhibits "N" and "O"**, it is apparent Robinson has approved, explicitly or implicitly, the erection of some of the aforesaid outdoor advertising signs **upon real property owned by Robinson and by the MATR.**

56.     The PTM Signs are not "Government Signs" as defined by the Robinson Zoning Ordinance as they do not provide for "traffic direction, or for designation of or direction to any school, hospital site or any public service property or facility." See Section 300-12- Signs V. of the Robinson Zoning Ordinance.

57.     The PTM Signs are not "Welcome Signs" as no such category of Sign is described or defined in the Robinson Zoning Ordinance.

58.     The PTM Signs are "Billboards" as defined by Section 300-12 G. of the Robinson Zoning Ordinance as they advertise via an electronic panel "an establishment, an activity, a product or a service which is unrelated to or unavailable on the lot upon which the sign is located."  See **Exhibit "O"** which illustrates the PTM Signs displaying numerous commercial advertisements.

59.     The PTM Signs are located in zoning districts within Robinson that are not C-2 or I-2 Zoning districts and therefore would not be permitted as a conditional use, even if the conditional use process were undertaken for approval.

60.     As aforesaid, the PTM Signs were approved by the Robinson Board of Commissioners under the guise of approving a "Government Sign" or "Welcome Sign" when in reality they were "Billboards" and were approved without compliance with the Robinson's Zoning Ordinance conditional use regulations and in violation of the Sunshine Act as hereinafter described.

61.     Unless and until Robinson is restrained by Order of this Court, Robinson acting through its officers, servants, agents, and employees, will continue to enforce and approve actions pursuant to the PTM Lease.

62.     Unless and until this Court declares that the PTM Lease and the procedure employed by Robinson in approving the PTM Lease as unconstitutional, for the reasons more fully set forth below, Robinson acting through its officers, servants, agents and employees will continue to enforce and approve action pursuant to the PTM Lease.

63.     The erection of the outdoor advertising signs upon real property owned by Robinson has occurred in zoning districts which do not permit Billboards as a use by right or conditional use.

64.     The erection of the outdoor advertising signs upon real property owned by the MATR has occurred without regard to any zoning approval process; including public notice and public hearing as herein described.

65.     All of the acts of Robinson, its officers, servants, agents and employees, as alleged herein were done or are threatened to be done under color and pretense of the statutes, ordinances, regulations, customs, official procedures and usages of Robinson and the Commonwealth of Pennsylvania.

66. The Plaintiffs are suffering irreparable injury and will continue to suffer irreparable injury until the PTM Lease is declared void *ab initio;* and the use of the Billboards for commercial advertising is enjoined for the reasons set forth herein.

67. As aforesaid, it is believed and therefore averred that the MATR Board of Directors at some time in 2020 also approved the MATR Lease Agreement" for some type of "Township Welcome Signs" billboard.

68. **It is also believed and therefore averred that the MATR Lease Agreement was never identified on any MATR Board Meeting Agendas as consideration for the approval of the construction of and leasing of billboards nor was it discussed and/or approved at any Public Meetings in 2020 or thereafter.**

69. Unless and until MATR is restrained by Order of this Court, MATR acting through its officers, servants, agents, and employees, will continue to enforce and approve actions pursuant to the MATR Lease Agreement.

70. Unless and until this Court declares that the MATR Lease Agreement and the procedure employed by MATR in approving the MATR Lease Agreement as unconstitutional, for the reasons more fully set forth below, MATR acting through its officers, servants, agents and employees will continue to enforce and approve action pursuant to the MATR Lease Agreement.

71. As also aforesaid, the erection of the outdoor advertising signs upon real property owned by MATR has occurred in zoning districts which do not permit Billboards as a use by right or conditional use.

72. The erection of the outdoor advertising signs upon real property owned by the MATR has occurred without regard to any zoning approval process; including public notice and public hearing as herein described.

73. All of the acts of MATR, its officers, servants, agents and employees, as alleged herein were done or are threatened to be done under color and pretense of the statutes, ordinances, regulations, customs, official procedures and usages of Robinson and the Commonwealth of Pennsylvania.

74. The Plaintiffs are suffering irreparable injury and will continue to suffer irreparable injury until the MATR Lease Agreement is declared void *ab initio;* and the use of the Billboards for commercial advertising is enjoined for the reasons set forth herein.

## COUNT I
## VIOLATION OF
## EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT
## TO THE U.S. CONSTITUTION (42 U.S.C. § 1983) AND THE PENNSYLVANIA
## CONSTITUTION (ARTICLE 1 §§ 1, 26)
### (Approval Process)

### Lamar v. Robinson

75.    Lamar incorporates the averments of the preceding paragraphs as if the same were set forth in detail.

76.    At all times relevant, Lamar was and remains required by Robinson to pursue conditional use approval of its Billboards **including those billboards located on real property owned by MATR**, in accordance with the Robinson Zoning Ordinance process for approval of a Billboard as a conditional use, through the process as hereinabove described.

77.    In contrast, as set forth above, PTM Advertising through the subterfuge by the Robinson Board of Commissioners approving commercial Billboards as "Welcome Signs" has been able to circumvent the Robinson Zoning Ordinance process for approval of the PTM Signs **including those billboards located on real property owned by MATR**.

78.    The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides, in relevant part: "No State shall ... deny to any person within its jurisdiction the equal protection of the law." U.S. Const. Amend. XIV, § 1.

79.    The corresponding portions of the Pennsylvania Constitution provide, "[a]ll men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness." PA. Const. Art. I, § 1.

80.    At issue is Lamar's fundamental right to be able to use its property with the same restrictions as other commercial billboard companies on an equal basis) and as such Robinson's action to treat Lamar differently can only be justied by a compelling government interest and such distinction must be strictly construed.

81.    There is no compelling reason for PTM Advertising to be treated differently than Lamar as to the approval process for their six (6) Billboards**, including those billboards located on real property owned by MATR**.

82.    Therefore, Robinson's actions violate equal protection principles because it creates an impermissible differential treatment of similarly situated citizens, namely for persons or entities seeking approval of Billboards in Robinson, which is a fundamental property right.

83.    For the aforesaid reasons, as a matter of law, Robinson's actions denies Lamar the right to equal protection of the law, in violation of the United States Constitution, Amendment XIV and the Pennsylvania Constitution.

WHEREFORE, Plaintiff, Lamar Advantage GP Company, LLC requests that the Court enter an Order that:

    a.   Declares that the PTM Lease and/or any Lease Agreement between Robinson and PTM Advertising is void *ab inito* as Robinson failed to follow the Robinson Zoning Ordinance for approval of PTM's Signs as a conditional use;

    b.   Declares that the acts of Robinson in entering into the PTM Lease and/or any Lease Agreement with PTM Advertising violated Lamar's constitutional rights to equal protection;

    c.   Prohibits Robinson from taking any further action in violation Lamar's constitutional rights of equal protection rights;

    d.   Permanently restrains and/or enjoins Robinson from acting on the PTM Lease and/or any Lease Agreement with PTM Advertising;

    e.   Directs Robinson to remove or caused to be removed all of the PTM Signs located on Robinson's property and the property owned by MATR.

    f.   Awards Lamar damages including compensatory and punitive;

    g.   Awards Lamar the cost of these proceedings, including the payment of attorneys' fees; and

    h.   Grants such other and further relief as the Court may find to be just and necessary.

**JURY TRIAL DEMANDED**

**COUNT II**
**VIOLATION OF**
**EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT**
**TO THE U.S. CONSTITUTION (42 U.S.C. § 1983) AND THE PENNSYLVANIA**
**CONSTITUTION (ARTICLE 1 §§ 1, 26)**
**(Denied Equal Right to Bid)**

**Lamar v. Robinson**

84.     Lamar incorporates the averments of the preceding paragraphs as if the same were set forth in detail.

85.     As aforesaid, Robinson is a First-Class Township and operates pursuant to the First-Class Township Code, 53 P.S. § 55101 *et seq.* (sometimes generally referred to as the "Twp. Code").

86.     The Township Code has stablished a procedural framework for competitive bidding of public contracts that is intended to ensure that municipal contracts for goods and services exceeding $20,600.00 in value are awarded only to "the lowest responsible bidder.

87.     As such, Robinson may make contracts for lawful purposes and for the purpose of carrying into execution the provisions of the Twp. Code and the laws of the Commonwealth. 53 P.S. § 56801.

88.     Whether bidding requirements apply to particular contracts, and what those requirements are, will vary depending on the dollar value of the contract.

89.     The Competitive Bidding Requirements based on the value of the contract are as follows[3]:

  a.  When a contract is less than eleven thousand three hundred dollars ($11,100) in value, the township [Robinson] is not required to competitively bid the contract in any way. 53 P.S. § 56802.

---

[3] Subject to a Consumer Price Index Adjustments for 2020, as set forth in the Pennsylvania Department of Labor and Industry Bulletin 49 Pa.B. 7137 (Saturday, Nov. 30, 2019) Consumer Price Index Adjustment oof Base Amounts on Bids Effective January 1, 2020, for First Class Twps.

      b.   When the contract exceeds eleven thousand three hundred dollars ($11,100) but is less than twenty-one thousand dollars ($20,600.00), modified competitive bidding requirements apply.  53 P.S. § 56802(a.1)[4].

      c.   When the Contract exceeds twenty-one thousand dollars ($20,600.00) the Township must follow the procedures set forth in Section 56802 of the Code including a notice for bids.

90.    Lamar believes and therefore avers that the PTM Signs (6), cost in excess of twenty-one thousand dollars ($20,600.00) to obtain, construct and install.

91.    As such, Robinson was mandated to follow the requirements of the Twp. Code, including advertising for competitive bids and bidding for the construction of the PTM Signs.

92.    When advertisement and bidding are required, the advertisement shall specify the date, time and place bids will be received and the date time and place for the opening of bids as follows:

> In every instance in which any contract for any public work, construction, materials, supplies, or other matters or things for any township shall be awarded upon competitive bids, it shall be the duty of the authorities authorizing the same to award said contract to the lowest responsible bidder. Any published notice for bids shall contain full plans and specifications, or refer to the places where copies thereof can be obtained, and give the time and place of a public meeting of a committee, appointed by the township commissioners or an open meeting of the township commissioners, at which committee or commissioners meeting, bids shall be publicly opened and read, and if it is an open meeting of the township commissioners, the contract may be awarded. If, through lack of a quorum or other reason, no meeting shall be held at such time and place, notice of the same kind shall be repeated once at least six days before the meeting of the subsequent time and place fixed, and the foregoing provisions as to bids shall apply. The same course shall be pursued until a meeting of a committee or the commissioners shall actually be held for receiving and opening bids.

---

[4]  Written or telephonic price quotations from at least three qualified and responsible contractors shall be requested for a contract in excess of the base amount of [$11,100.00], subject to adjustment under subsection (c.1), but is less than the amount requiring advertisement and competitive bidding [$20,600.00]. If price quotations cannot be obtained from at least that many such bidders, [Robinson]shall keep on file a "memorandum showing that fewer than the three qualified contractors exist in the market area within which it is practicable to obtain quotations." Robinson must maintain a written record of the quotations identifying "at least the date of the quotation, the name of the contractor and the contractor's representative, the construction, reconstruction, repair, maintenance, or work that was the subject of the quotation and the price." Additionally, Robinson must maintain written price quotations and memoranda for three years. 53 Pa.C.S.A. § 56802 (a.1)

53 P.S. § 56802(b)(1)

93.    To the best of Lamar's knowledge, information and belief, no advertising or competitive bidding was made and or obtained by Robinson for the construction of the six (6) PTM Signs, as approved by the Motion to approve Agenda item number 22, on August 23, 2020.

94.    Had Robinson advertised for the construction of six (6) billboards similar to the PTM Signs, Lamar would have bid.

95.    The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides, in relevant part: "No State shall ... deny to any person within its jurisdiction the equal protection of the law." U.S. Const. Amend. XIV, § 1.

96.    The corresponding portions of the Pennsylvania Constitution provide, "[a]ll men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness." PA. Const. Art. I, § 1.

97.    At issue is Lamar's fundamental right to be able to competitively bid on the construction of Billboards in Robinson similar to the PTM Signs.

98.    For the foregoing reason, Robinson's actions to treat Lamar differently can only be justified by a compelling government interest and such distinction must be strictly construed.

99.    There is no compelling reason for PTM Advertising to be treated differently than Lamar and the right to competitively bid on the construction of Billboards in Robinson similar to the PTM Signs.

100.    Therefore, Robinson actions violate equal protection principles because it creates an impermissible differential treatment of similarly situated citizens, namely for persons or entities seeking to bid on the construction of Billboards in Robinson.

101.    Additionally, the aforesaid actions and inactions by Robinson provided an unfair economic benefit to PTM Advertising, at the detriment of Lamar and others, by allowing PTM Advertising the right to lease the commercial Billboards, which are located on public property to third parties, without being subject to the Robinson Zoning Ordinance approval process; including public notice and public hearing, as herein described.

102.    Moreover, the aforesaid actions and inactions by Robinson provided an unfair economic benefit to PTM Advertising, at the detriment of Lamar and others, by allowing PTM

Advertising the right to lease the commercial Billboards, which are located on public property to third parties, without being subject to competitive bidding.

103.    For the aforesaid reasons, as a matter of law, Robinson's actions deny Lamar the right to equal protection of the law, in violation of the United States Constitution, Amendment XIV and the Pennsylvania Constitution.

104.    For the aforesaid reasons, the PTM Lease and/or any Lease Agreement between Robinson and PTM Advertising violates the provisions of the Code for failing to advertise and/or obtaining competitive bids and therefore is void. 53 P.S. § 56802(b)(3).

105.    Additionally, the Twp. Code provides that any Commissioner that votes to avoid the advertising requirements shall be jointly and severally subject to a surcharge for ten per centum of the full amount of the contract (53 P.S. § 56803(a)) and/or commits a misdemeanor (53 P.S. § 56803(b).

WHEREFORE, Plaintiff, Lamar Advantage GP Company, LLC requests that the Court enter an Order that:

    a. Declares that the PTM Lease and/or any Lease Agreement between Robinson and PTM Advertising is void *ab inito* as Robinson failed to advertise and/or obtain competitive bids for the construction of the Billboards similar to the PTM Signs in accordance with 53 P.S. § 56802.

    b. Finds Lamar was denied the right to bid and declare as such that the acts of Robinson in entering into the PTM Lease and/or any Lease Agreement with PTM Advertising violated Lamar's constitutional rights to equal protection;

    c. Prohibits Robinson from taking any further action in violation Lamar's constitutional rights of equal protection rights;

    d. Declares that Robinson violated the provisions of the Code for failing to advertise and/or obtaining competitive bids for the Billboards pursuant to 53 P.S. § 56802(b)(3);

    e. Imposes a surcharge for ten per centum of the full amount of the Billboard contract(s), jointly and severally upon members of the Robinson Board of Commissioners for failing to advertise and/or obtain competitive bids for the Billboards and as such committed a misdemeanor pursuant to 53 P.S. § 56803(b);

f.  Permanently restrains and/or enjoins Robinson, its agents, servants, employees, and officers from acting on the PTM Lease and/or any Lease Agreement with PTM Advertising;

g.  Directs Robinson to remove or caused to be removed all of the PTM Signs located on Robinson's property;

h.  Awards Lamar damages including compensatory and punitive;

i.  Awards Lamar the cost of these proceedings, including the payment of attorneys' fees; and

j.  Grants such other and further relief as the Court may find to be just and necessary.

**JURY TRIAL DEMANDED**

**COUNT III**
**VIOLATION OF**
**EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT**
**TO THE U.S. CONSTITUTION (42 U.S.C. § 1983) AND THE PENNSYLVANIA**
**CONSTITUTION (ARTICLE 1 §§ 1, 26)**
**(Denied Equal Right to Bid)**

**Lamar v. MATR**

106.    Lamar incorporates the averments of the preceding paragraphs as if the same were set forth in detail.

107.    As aforesaid, MATR is a "Municipal Authority" and operates pursuant to the Authorities Act. (53 Pa.C.S.A.§ 5601 *et seq.*)

108.    The Authorities Act has stablished a procedural framework for competitive bidding of public contracts that is intended to ensure that Municipal Authority contracts for goods and services exceeding $20,600.00 in value are awarded only to "the lowest responsible bidder upon proper terms after public notice…" (*See* 53 Pa.C.S.A.§ 5614)

109.    As such, MATR may make contracts for lawful purposes and for the purpose of carrying into execution the provisions of the Authorities Act and the laws of the Commonwealth.

110.    Whether bidding requirements apply to particular contracts, and what those requirements are, will vary depending on the dollar value of the contract.

111.    The Competitive Bidding Requirements based on the value of the contract are as follows[5]:

    a.    When a contract is less than ten thousand dollars ($11,100.00) in value, the authority [MATR] is not required to competitively bid the contract in any way. 53 P.S. § 5614(c).

    b.    When the contract exceeds eleven thousand three hundred dollars ($11,300.00) but is less than twenty-one thousand dollars ($20,600.00), modified competitive bidding requirements apply.  53 P.S. § 5614(c)[6].

    c.    When the Contract exceeds twenty-one thousand dollars ($20,600.00) MATR must follow the procedures set forth in Section 5614 of the Authorities Act including a notice for bids.

112.    Lamar believes and therefore avers that the PTM Signs (**2**) **billboards located on real property owned by MATR**), cost in excess of twenty thousand six-hundred dollars ($20,600.00) to obtain, construct and install.

113.    As such, MATR was mandated to follow the requirements of the Authorities Act, including advertising for competitive bids and bidding for the construction of the PTM Signs (2) **billboards located on real property owned by MATR**).[7]

---

[5] Subject to a Consumer Price Index Adjustments for 2020, as set forth in the Pennsylvania Department of Labor and Industry Bulletin 49 Pa.B. 7137 (Saturday, Nov. 30, 2019) Consumer Price Index Adjustment of Base Amounts on Bids Effective January 1, 2020, for Municipal Authorities.

[6] **Quotations.-**Written or telephonic price quotations from at least three qualified and responsible contractors shall be requested for a contract in excess of the base amount of [$11,300.00], subject to adjustment under subsection (c.1), but is less than the amount requiring advertisement and competitive bidding [$20,600.00]. If price quotations cannot be obtained from at least that many such bidders, [MATR]shall keep on file a "memorandum showing that fewer than the three qualified contractors exist in the market area within which it is practicable to obtain quotations." MATR must maintain a written record of the quotations identifying "at least the date of the quotation, the name of the contractor and the contractor's representative, the construction, reconstruction, repair, maintenance, or work that was the subject of the quotation and the price." Additionally, MATR must maintain written price quotations and memoranda for three years.  53 Pa.C.S.A. § 5614.

[7] Pursuant to the Pennsylvania Sunshine Act ("Sunshine Act"), MATR as an "Agency" thereunder, is required to take all official action and deliberations at a quorum of the member of the agency and such action shall take place at a meeting open to the public unless closed under section 707 (relating to exceptions to open meetings), 708 (relating to executive sessions) or 712 (relating to General Assembly meetings covered). See 65 Pa.C.S.A. § 703, Definitions, Agency & § 704 Open Meetings). MATR was also required to open all bids for the construction of the PTM Signs (2) **billboards located on real property owned by MATR**) at an open meeting.

114.    To the best of Lamar's knowledge, information and belief, no advertising or competitive bidding was made and or obtained by MATR for the construction of the two (2) PTM Signs, (**billboards located on real property owned by MATR).**

115.    To the best of Lamar's knowledge, information and belief, no competitive bids were open by MATR at a meeting of its Board of Director for the construction of the two (2) PTM Signs, (**billboards located on real property owned by MATR).**

116.    Had MATR advertised for the construction of the two (2) PTM Signs, (**billboards located on real property owned by MATR**), Lamar would have bid.

117.    The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides, in relevant part: "No State shall ... deny to any person within its jurisdiction the equal protection of the law." U.S. Const. Amend. XIV, § 1.

118.    The corresponding portions of the Pennsylvania Constitution provide, "[a]ll men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness." PA. Const. Art. I, § 1.

119.    At issue is Lamar's fundamental right to be able to competitively bid on the two (2) PTM Signs, (**billboards located on real property owned by MATR).**

120.    For the foregoing reason, MATR's actions to treat Lamar differently can only be justified by a compelling government interest and such distinction must be strictly construed.

121.    There is no compelling reason for PTM Advertising to be treated differently than Lamar and the right to competitively bid on the construction of the two (2) PTM Signs, (**billboards located on real property owned by MATR).**

122.    Therefore, MATR's actions violate equal protection principles because it creates an impermissible differential treatment of similarly situated citizens, namely for persons or entities seeking to bid on the construction of Billboards in Robinson.

123.    Additionally, the aforesaid actions and inactions by MATR provided an unfair economic benefit to PTM Advertising, at the detriment of Lamar and others, by allowing PTM Advertising the right to lease the commercial Billboards, which are located on the two (2) PTM Signs, (**billboards located on real property owned by MATR),** without being subject to public notice and public hearing, as herein described.

124.    Moreover, the aforesaid actions and inactions by MATR provided an unfair economic benefit to PTM Advertising, at the detriment of Lamar and others, by allowing PTM Advertising the right to lease the commercial Billboards, which are located on public property to third parties, without being subject to competitive bidding.

125.    For the aforesaid reasons, as a matter of law, MATR's actions deny Lamar the right to equal protection of the law, in violation of the United States Constitution, Amendment XIV and the Pennsylvania Constitution.

126.    For the aforesaid reasons, the Lease Agreement between MATR and PTM Advertising and the right to competitively bid on the construction of the two (2) PTM Signs, (**billboards located on real property owned by MATR),** violates the provisions of the Authorities Act for failing to advertise and/or obtaining competitive bids and therefore is void. *See*, 53 P.S. § 5614(d).

127.    Additionally, the Authorities Act provides that any Authority Member that votes to avoid the advertising requirements commits a misdemeanor.  *See*, 53 Pa.C.S.A. § 5614(g).

WHEREFORE, Plaintiff, Lamar Advantage GP Company, LLC requests that the Court enter an Order that:

    a. Declares that the MATR Lease Agreement between MATR and PTM Advertising is void *ab inito* as MATR failed to advertise and/or obtain competitive bids for the construction of the Billboards similar to the PTM Signs in accordance with 53 P.S. § 5614;

    b. Finds Lamar was denied the right to bid and declares that the acts of MATR in entering into the MATR Lease Agreement with PTM Advertising violated Lamar's constitutional rights to equal protection;

    c. Prohibit MATR from taking any further action in violation Lamar's constitutional rights of equal protection rights;

    d. Declares that MATR violated the provisions of the Authorities Act for failing to advertise and/or obtaining competitive bids for the Billboards pursuant to 53 P.S. § 5614(d);

    e. Finds that the MATR Board of Directors, jointly and severally committed a misdemeanor pursuant to 53 P.S. § 5614(g);

f.   Permanently restrains and/or enjoins, MATR, its respective agents, servants, employees, and officers from acting on the MATR Lease Agreement and/or any Lease Agreement with PTM Advertising;

g.   Directs MATR to remove or caused to be removed all of the PTM Signs, (**billboards located on real property owned by MATR);**

h.   Awards Lamar damages including compensatory and punitive;

i.   Awards Lamar the cost of these proceedings, including the payment of attorneys' fees; and

j.   Grants such other and further relief as the Court may find to be just and necessary.

**JURY TRIAL DEMANDED**

**COUNT IV**
**VIOLATION OF THE SUNSHINE ACT**
**(65 Pa.C.S.A. § 713 *et seq.*)**
**(Violation of Sunshine Act for failure to take Official Action publicly**
**as to approval of Billboards and entering into Lease with PTM)**

**Plaintiffs v. Robinson**

128.   The Plaintiffs incorporate the averments of the preceding paragraphs as if the same were set forth in detail.

129.   The purpose of the Sunshine Act (the "Sunshine Act"), 65 Pa.C.S.A. §701 *et seq.*, is to provide the public an opportunity to be present at all meetings of governmental agencies; to witness the deliberations, policy formation and decision making of governmental agencies including witnessing agency decisions and, with limited exceptions, the discussions leading up to those decisions. 65 Pa.C.S,A. § 702.

130.   "Official action" is defined by the Sunshine Act to includes a "vote taken by an agency on any motion, proposal, resolution, rule, regulation ordinance, report or order." 65 Pa.C.S.A. § 703, Official action (4).

131.   The Sunshine Act further mandates that an Agency shall give public notice of its deliberations to allow the public to be present. 65 Pa.C.S,A. § 709.

132.   Finally and of paramount significance, the Sunshine Act provides that the political subdivision shall provide a reasonable opportunity for public participation in the form of the ability to provide public comment, at each regularly advertised regular meeting and/or special meeting

for "matters of concern, official action or deliberation, which are or may be before the board or council prior to taking official action". 65 Pa.C.S,A. § 710.1.

133.    As set forth above, the Robinson Board of Commissioners through a series of public meetings (June 1, 2020, July 6, 2020, and August 3, 2020) only identified on its Agendas consideration of "Governmental Signs" (ultimately approved as "Welcome Signs").

134.    Moreover, **none** of the aforesaid Robinson Board of Commissioner Agendas identify the approval of Billboards.

135.    As set forth above, the Minutes of the August 3, 2020 Robinson Board of Commissioners Meeting reflects that the Board, by unanimous vote, took the following official action with respect to Agenda items 21 and 22:

> "MOTION: Barefoot SECOND: Kisow to approve Lease Agreement between the Township and PTM Advertising for Township **welcome signs**." (emphasis supplied)

> "MOTION: Shiwarski SECOND: Mancini to approve Construction Contract between the Township and PTM Advertising for Township **welcome signs**." (emphasis supplied)

> **Exhibit "K"**

136.    The August 3, 2020 Robinson Board of Commissioner Meeting is void of any discussion and/or approval of entering into a Lease Agreement with PTM Advertising for the construction, erection, maintenance, and leasing of Billboards in Robinson.

137.    As aforesaid, the Plaintiffs believe and therefore aver that the actions taken by Robinson at its Board of Commissioners Meetings on June 1, 2020, July 6, 2020 and August 3, 2020 as an approval of a Lease Agreement for "Governmental Signs" (ultimately approved as "Welcome Signs"), was and is merely a subterfuge as to Robinson's true intent of entering into a Lease Agreement with PTM Advertising for the construction, erection, maintenance and leasing of Billboards in Robinson without adherence to approval of Billboards as a conditional use.

138.    The Plaintiffs further believe and therefore aver that the Robinson Board of Commissioner's entered into a Lease Agreement with PTM Advertising for the construction, erection, maintenance and leasing of Billboards in Robinson without properly identifying the intent to approve a Lease Agreement for Billboards on their June 1, 2020, July 6, 2020 and August 3, 2020 Agendas.

139.    The Robinson Board of Commissioners August 3, 2020 actions approving "Welcome Signs" are procedurally defective in that the Robinson failed to take a vote and approve the construction, erection, maintenance and leasing of commercial Billboards.

140.    The Robinson Board of Commissioners August 3, 2020 actions approved "Welcome Signs", an uncategorized sign under the Township Zoning Ordinance, is a legal nullity as "Billboards" were approved without a vote by the Board of Commissioners.

141.    In light of the absence of any authority to erect "Billboards", the construction, erection, maintenance, and leasing of the Billboards occurred without any official approval and now must be permanently enjoined.

142.    For the reasons set forth above, the aforesaid official action on August 3, 2020 by Robinson in approving the Lease Agreement with PTM Advertising for Billboards is in violation of the Sunshine Act for lack of proper public notice of their intent to approve Billboards on their Agendas. (68 Pa.C.S.A.§710.1).

143.    For the reasons set for above, the aforesaid official action by Robinson on August 3, 2020 is in violation of the Sunshine Act in that Robinson entered into a Lease Agreement with PTM Advertising for Billboards without permitting public participation on their intended action of approving commercial Billboards. (68 Pa.C.S.A.§710.1).

144.    For the reasons set forth above, the aforesaid official action on August 3, 2020 by Robinson in failing to vote and approve the construction, erection, maintenance and leasing of commercial Billboards is procedurally defective and in violation of the Sunshine Act for lack of proper public notice. (68 Pa.C.S.A.§710.1).

145.    The Sunshine Act further provides that any action that occurred at a meeting which was not open may be challenged within 30 days from the discovery of said action.

146.    Neither the Agendas nor the Meeting minutes identify and/or discuss Robinson's intent to enter into a Lease Agreement with PTM Advertising for Billboards.

147.    The Plaintiffs were unaware of the Board of Commissioners August 3, 2020 approval of Billboards until on or about November 11, 2020 when the Billboard was operational in Clever Park and depicted commercial advertising.

148.    Subsequent to November 11, 2020, only upon examination of the Township's Minutes and Agendas of their June 1, 2020, July 6, 2020 and August 3, 2020 meetings did it become apparent that the approval of the Lease Agreement between the Robinson and PTM

25

Advertising for "Township Welcome Signs" on August 3, 2020, was in fact a back-door attempt by Robinson to circumvent the Robinson Zoning Ordinance process for the approval of PTM's Billboards.

149.     Should the Court determine that the Robinson meeting(s) did not meet the requirement of the Sunshine Act, all official action shall be invalid. 68 Pa.C.S.A.§713.

150.     Moreover, upon information and belief, it is believed that MATR did not give public notice of its deliberations/approval and allow the public to be present relative to a Lease Agreement with PTM in violation of the Sunshine Act.

151.     The Court may enjoin any challenged action until a judicial determination of the legality of the meeting(s) at which the action was adopted is reached.

152.     Moreover, any member of Robinson and/or MATR who participates in a meeting with the intent and purpose by that member of violating the Sunshine Act, commits a summary offense and is liable for a fine. 68 Pa.C.S.A.§713.

153.     Additionally, the Sunshine Act provides that an agency that acts with willful and wanton disregard of the Sunshine Act, in whole or in part shall be awarded reasonable attorney fees and cost of litigation. 68 Pa.C.S.A.§714.

WHEREFORE, Plaintiff, Lamar Advantage GP Company, William R. Woessner, and Steven Brown, request that the Court enter an Order that:

a.     Declares that the PTM Lease and/or any Lease Agreement between Robinson and PTM Advertising is void *ab inito* as Robinson failed to follow the mandates of the Sunshine Act;

b.     Declares that the official action taken by Robinson on August 3, 2020 is procedurally defective, is in violation of the Sunshine Act, and thus void *ab inito*, in that Robinson failed to vote and approve the construction, erection, maintenance and leasing of commercial Billboards with PTM Advertising (68 Pa.C.S.A.§710.1);

c.     Permanently restrains and/or enjoin Robinson, its agents, servants, employees, and officers from acting on the PTM Lease and/or any Lease Agreement with PTM Advertising;

d.     Directs that Robinson comply will all applicable provisions of the Sunshine Act;

e.     Directs Robinson to remove or caused to be removed all of the PTM Signs located on Robinson's property and the property owned by MATR.

f.  Imposes fines for summary offense upon members of the Robinson Board of Commissioners for violations of the Sunshine Act;

g.  Awards the Plaintiffs the cost of these proceedings, including the payment of attorneys' fees pursuant to 68 Pa.C.S.A.§§ 713, 714; and

h.  Grants such other and further relief as the Court may find to be just and necessary.

**JURY TRIAL DEMANDED**

**COUNT V**

**VIOLATION OF THE SUNSHINE ACT**
**(65 Pa.C.S.A. § 713 *et seq*)**
**(Violation of Sunshine Act for failure to take Official Action publicly**
**as to approval of Billboards and entering into Lease with PTM)**

**Plaintiffs v. MATR**

154.    The Plaintiffs incorporate the averments of the preceding paragraphs as if the same were set forth in detail.

155.    As aforesaid, the purpose of the Sunshine Act (the "Sunshine Act"), 65 Pa.C.S.A. §701 et seq., is to provide the public an opportunity to be present at all meetings of governmental agencies; to witness the deliberations, policy formation and decision making of governmental agencies including witnessing agency decisions and, with limited exceptions, the discussions leading up to those decisions. 65 Pa.C.S,A. § 702.

156.    "Official action" is defined by the Sunshine Act to includes a "vote taken by an agency on any motion, proposal, resolution, rule, regulation ordinance, report or order." 65 Pa.C.S.A. § 703, Official action (4).

157.    The Sunshine Act further mandates that an Agency shall give public notice of its deliberations to allow the public to be present. 65 Pa.C.S,A. § 709.

158.    Finally and of paramount significance, the Sunshine Act provides that the political subdivision shall provide a reasonable opportunity for public participation in the form of the ability to provide public comment, at each regularly advertised regular meeting and/or special meeting for "matters of concern, official action or deliberation, which are or may be before the board or council prior to taking official action". 65 Pa.C.S,A. § 710.1.

159.    As aforesaid, it is believed and therefore averred that the MATR Board of Directors at sometime in 2020 also approved the MATR Lease Agreement" for some type of "Township Welcome Signs" billboard.

160.    **It is also believed and therefore averred that the MATR Lease Agreement was never identified on any MATR Board Meeting Agendas as consideration for the approval of the construction of and leasing of billboards nor was it discussed and/or approved at any Public Meetings in 2020 or thereafter.**

161.    The Plaintiff's further believe and therefore aver that MATR's Board of Directors failed to take a vote and approve the construction, erection, maintenance and leasing of commercial Billboards (PTM Signs, **billboards located on real property owned by MATR),** is a legal nullity as neither the **construction of and/or the leasing of billboards** were approved without a vote by the MATR Board of Directors at a public meeting.

162.    In light of the absence of any authority to erect the PTM Signs (**billboards located on real property owned by MATR**) and/or the construction, erection, maintenance, and leasing of the PTM Signs occurred without any official approval and now must be permanently enjoined.

163.    For the reasons set forth above, any alleged official action in 2020 by MATR in approving the Lease Agreement with PTM Advertising for PTM Signs is in violation of the Sunshine Act for lack of proper public notice of their intent to approve the PTM Signs on MATR's Agendas. (68 Pa.C.S.A.§710.1).

164.    For the reasons set for above, the aforesaid official action by MATR in 2020 is in violation of the Sunshine Act in that MATR entered into a Lease Agreement with PTM Advertising for Billboards without permitting public participation on their intended action of approving commercial Billboards. (68 Pa.C.S.A.§710.1).

165.    For the reasons set forth above, the aforesaid official action in 2020 by MATR in failing to vote and approve the construction, erection, maintenance and leasing of commercial Billboards is procedurally defective and in violation of the Sunshine Act for lack of proper public notice. (68 Pa.C.S.A.§710.1).

166.    The Sunshine Act further provides that any action that occurred at a meeting which was not open may be challenged within 30 days from the discovery of said action.

167.     Neither the Agendas nor the Meeting minutes identify and/or discuss MATR's intent to enter into a Lease Agreement with PTM Advertising for Billboards (MATR Lease Agreement).

168.     The Plaintiffs were unaware of the Board of Directors in 2020 approval of Billboards or the MATR Lease Agreement.

169.     Should the Court determine that the MATR's meeting(s) did not meet the requirement of the Sunshine Act, all official action shall be invalid. 68 Pa.C.S.A.§713.

170.     Moreover, upon information and belief, it is believed that MATR did not give public notice of its deliberations/approval and allow the public to be present relative to a Lease Agreement with PTM (MATR Lease Agreement), in violation of the Sunshine Act.

171.     The Court may enjoin any challenged action until a judicial determination of the legality of the meeting(s) at which the action was adopted is reached.

172.     Moreover, any member of MATR who participates in a meeting with the intent and purpose by that member of violating the Sunshine Act, commits a summary offense and is liable for a fine. 68 Pa.C.S.A.§713.

173.     Additionally, the Sunshine Act provides that an agency that acts with willful and wanton disregard of the Sunshine Act, in whole or in part shall be awarded reasonable attorney fees and cost of litigation. 68 Pa.C.S.A.§714.

WHEREFORE, Plaintiff, Lamar Advantage GP Company, William R. Woessner, and Steven Brown, request that the Court enter an Order that:

    a.   Declares that the PTM Lease and/or any Lease Agreement between MATR and PTM Advertising (MATR Lease Agreement), is void *ab inito* as Robinson failed to follow the mandates of the Sunshine Act;

    b.   Declares that the official action taken by MATR in 2020 is procedurally defective, is in violation of the Sunshine Act, and thus void *ab inito*, in that MATR failed to vote and approve the construction, erection, maintenance and leasing of commercial Billboards with PTM Advertising (68 Pa.C.S.A.§710.1);

    c.   Permanently restrains and/or enjoin MATR, its agents, servants, employees, and officers from acting on the PTM Lease and/or any Lease Agreement with PTM Advertising (MATR Lease Agreement);

    d.   Directs that MATR comply will all applicable provisions of the Sunshine Act;

e.   Directs MATR to remove or caused to be removed all of the PTM Signs, (**billboards located on real property owned by MATR);**

f.   Imposes fines for summary offense upon members of the MATR Board of Directors for violations of the Sunshine Act;

g.   Awards the Plaintiffs the cost of these proceedings, including the payment of attorneys' fees pursuant to 68 Pa.C.S.A.§§ 713, 714; and

h.   Grants such other and further relief as the Court may find to be just and necessary.

**JURY TRIAL DEMANDED**

### COUNT VI

### VIOLATION OF THE SUNSHINE ACT AND THE FIRST CLASS TOWNSHIP CODE
**(65 Pa.C.S.A. § 713 *et seq.* and 53 P.S. § 56801 *et seq.*)**
**(Violation of the Sunshine Act, failure to advertise, obtain the lowest responsible bid and publicly award)**

### Plaintiffs v. Robinson

176.   The Plaintiffs incorporate the averments of the preceding paragraphs as if the same were set forth in detail.

177.   As aforesaid, the purpose of the Sunshine Act (the "Sunshine Act"), 65 Pa.C.S.A. §701 *et seq.*, is to provide the public an opportunity to be present at all meetings of governmental agencies; to witness the deliberations, policy formation and decision making of governmental agencies including witnessing agency decisions and, with limited exceptions, the discussions leading up to those decisions. 65 Pa.C.S,A. § 702.

178.   As also aforesaid, Robinson is a First-Class Township and is subject to the provisions First-Class Township Code, 53 P.S. § 55101 *et seq.*

179.   The Code establishes a procedural framework for competitive bidding of public contracts that is intended to ensure that municipal contracts for goods and services exceeding $10,000 in value are awarded only to "the lowest responsible bidder.

180.   As such, Robinson may make contracts for lawful purposes and for the purpose of carrying into execution the provisions of the Twp. Code and the laws of the Commonwealth. 53 P.S. § 56801.

181.    Whether bidding requirements apply to particular contracts, and what those requirements are, will vary depending on the dollar value of the contract.

182.    The Plaintiffs believe and therefore avers that the PTM Signs (6), cost in excess of twenty-one thousand dollars ($20,600) to obtain, construct and install.

183.    As such, when the Contract exceeds twenty-one thousand dollars ($21,600) the Township must follow the public bidding procedures set forth in Section 56802 of the Twp. Code for bids.

184.    Robinson was mandated to follow the requirements of the Twp. Code, including advertising for competitive bids and bidding for the construction of the PTM Signs.

185.    The advertisement must identify the date, time and place bids will be received and the date time and place for the opening of bids. 53 P.S. § 56802(b)(1).

186.    To the best of the Plaintiffs knowledge, information and belief, no advertising or competitive bidding was made and or obtained by Robinson for the construction of the six (6) PTM Signs, as approved by the Motion to approve Agenda item number 22, on August 3, 2020.

187.    As taxpayers in Robinson, the Plaintiffs have standing to challenge Robinson's award for the construction of the PTM Signs.

188.    For the aforesaid reasons, the failure to obtain bids and thereafter award the construction of the PTM Signs to the lowest responsible bidder violates the mandates of the Twp. Code and therefore is void. 53 P.S. § 56802(b)(3).

189.    Additionally, the Twp. Code provides that any Commissioner that votes to avoid the advertising requirements shall be jointly and severally subject to a surcharge for ten per centum of the full amount of the contract (53 P.S. § 56803(a)) and/or commits a misdemeanor (53 P.S. § 56803(b).

WHEREFORE, Plaintiff, Lamar Advantage GP Company, William R. Woessner, and Steven Brown, request that the Court enter an Order that:

a.    Declares that the award for the construction of the six (6) PTM Signs is void *ab inito* as Robinson failed to follow the mandates of the Sunshine Act and bidding requirements of the Twp. Code;

b.    Declares that the official action taken by Robinson on August 3, 2020 is procedurally defective, is in violation of the Sunshine Act, and thus void *ab inito*,

in that Robinson failed to vote and approve the construction, erection, maintenance of commercial Billboards with PTM Advertising (68 Pa.C.S.A.§710.1);

c.  Declares that the official action taken by Robinson on August 3, 2020 is in violation of the Twp. Code for its failure to advertise, obtain bids and thereafter publicly award to the lowest responsible bidder, and therefore the awarding of the construction of the PTM Signs is void pursuant to 53 P.S. § 56802(b)(3);

d.  Imposes a surcharge for ten per centum of the full amount of the Billboard contract(s), jointly and severally upon members of the Robinson Board of Commissioners for failing to advertise and/or obtain competitive bids for the Billboards and as such committed a misdemeanor pursuant to 53 P.S. § 56803(b);

e.  Permanently restrains and/or enjoins Robinson, its respective agents, servants, employees, and officers from acting and installation and/or constructions of Billboards with PTM Advertising;

f.  Directs that Robinson comply will all applicable provisions of the Sunshine Act;

g.  Directs that Robinson comply will all applicable provisions of the Twp. Code;

h.  Directs Robinson to remove or caused to be removed all of the PTM Signs located on Robinson's property and the property owned by MATR.

i.  Imposes fines for summary offense upon members of the Robinson Board of Commissioners for violations of the Sunshine Act;

j.  Awards the Plaintiffs the cost of these proceedings, including the payment of attorneys' fees pursuant to 68 Pa.C.S.A.§§ 713, 714; and

k.  Grants such other and further relief as the Court may find to be just and necessary.

**JURY TRIAL DEMANDED**

## COUNT VII

**VIOLATION OF THE SUNSHINE ACT AND
THE MUNICIPAL AUTHORITIES ACT
(65 Pa.C.S.A. § 713 *et seq.* and 53 PA.C.S.A. § 5601 *et seq.*)
(Violation of the Sunshine Act, failure to advertise,
obtain the lowest responsible bid and publicly award)**

**Plaintiffs v. MATR**

190.    The Plaintiffs incorporate the averments of the preceding paragraphs as if the same were set forth in detail.

191.    As aforesaid, the purpose of the Sunshine Act (the "Sunshine Act"), 65 Pa.C.S.A. §701 et seq., is to provide the public an opportunity to be present at all meetings of governmental agencies; to witness the deliberations, policy formation and decision making of governmental agencies including witnessing agency decisions and, with limited exceptions, the discussions leading up to those decisions. 65 Pa.C.S,A. § 702.

192.    As aforesaid, MATR is a "Municipal Authority" and operates pursuant to the Authorities Act. (53 Pa.C.S.A.§ 5601 *et seq.*)

193.    The Authorities Act has stablished a procedural framework for competitive bidding of public contracts that is intended to ensure that Municipal Authority contracts for goods and services exceeding $20,600.00 in value are awarded only to "the lowest responsible bidder upon proper terms after public notice…" (*See* 53 Pa.C.S.A.§ 5614)

194.    As such, MATR may make contracts for lawful purposes and for the purpose of carrying into execution the provisions of the Authorities Act and the laws of the Commonwealth.

195.    Whether bidding requirements apply to particular contracts, and what those requirements are, will vary depending on the dollar value of the contract.

196.    Lamar believes and therefore avers that the PTM Signs (**2**) **billboards located on real property owned by MATR**), cost in excess of twenty thousand six-hundred dollars ($20,600.00) to obtain, construct and install.

197.    As such, MATR was mandated to follow the requirements of the Authorities Act, including advertising for competitive bids and bidding for the construction of the PTM Signs (2) **billboards located on real property owned by MATR**).

198.    To the best of Lamar's knowledge, information and belief, no advertising or competitive bidding was made and or obtained by MATR for the construction of the two (2) PTM Signs, (**billboards located on real property owned by MATR).**

199.    To the best of Lamar's knowledge, information and belief, no competitive bids were open by MATR at a meeting of its Board of Director for the construction of the two (2) PTM Signs, (**billboards located on real property owned by MATR).**

200.    Pursuant to the Sunshine Act, MATR as an "Agency" thereunder, was required to take all official action and deliberations at a quorum of the member of the agency and such action

shall take place at a meeting open to the public unless closed under section 707 (relating to exceptions to open meetings), 708 (relating to executive sessions) or 712 (relating to General Assembly meetings covered). See 65 Pa.C.S.A. § 703, Definitions, Agency and § 704 Open Meetings).

201.    MATR was also required to open all bids for the construction of the PTM Signs (2) **billboards located on real property owned by MATR)** at an open meeting.

202.    As taxpayers in Robinson, the Plaintiffs have standing to challenge MATR's award for the construction of the PTM Signs (2) **billboards located on real property owned by MATR** at an open meeting.

203.    The Sunshine Act further provides that any action that occurred at a meeting which was not open may be challenged within 30 days from the discovery of said action.

204.    The Plaintiffs believe and therefore aver that neither the Agendas nor the Meeting minutes identify and/or discuss MATR's intent to enter into a Lease Agreement with PTM Advertising for Billboards.

205.    The Plaintiffs were unaware of the Board of Directors in 2020 approval of Billboards.

206.    Should the Court determine that the MATR's meeting(s) did not meet the requirement of the Sunshine Act, all official action shall be invalid. 68 Pa.C.S.A.§713.

207.    Moreover, upon information and belief, it is believed that MATR did not give public notice of its deliberations/approval and allow the public to be present relative to a Lease Agreement with PTM in violation of the Sunshine Act.

208.    The Court may enjoin any challenged action until a judicial determination of the legality of the meeting(s) at which the action was adopted is reached.

209.    In light of the absence of any authority to erect the PTM Signs (**billboards located on real property owned by MATR**) and/or the construction, erection, maintenance, and leasing of the PTM Signs occurred without any official approval and now must be permanently enjoined.

210.    For the reasons set forth above, any alleged official action in 2020 by MATR in approving the Lease Agreement with PTM Advertising for PTM Signs is in violation of the Sunshine Act for lack of proper public notice of their intent to approve the PTM Signs on MATR's Agendas. (68 Pa.C.S.A.§710.1).

211.    For the reasons set forth above, the aforesaid official action in 2020 by MATR in failing to vote and approve the construction, erection, maintenance and leasing of commercial Billboards is procedurally defective and in violation of the Sunshine Act for lack of proper public notice. (68 Pa.C.S.A.§710.1).

212.    Should the Court determine that the MATR's meeting(s) did not meet the requirement of the Sunshine Act, all official action shall be invalid. 68 Pa.C.S.A.§713.

213.    Moreover, upon information and belief, it is believed that MATR did not give public notice of its deliberations/approval and allow the public to be present relative to a Lease Agreement with PTM in violation of the Sunshine Act.

214.    The Court may enjoin any challenged action until a judicial determination of the legality of the meeting(s) at which the action was adopted is reached.

215.    Moreover, any member of MATR who participates in a meeting with the intent and purpose by that member of violating the Sunshine Act, commits a summary offense and is liable for a fine. 68 Pa.C.S.A.§713.

216.    Additionally, the Sunshine Act provides that an agency that acts with willful and wanton disregard of the Sunshine Act, in whole or in part shall be awarded reasonable attorney fees and cost of litigation. 68 Pa.C.S.A.§714.

WHEREFORE, Plaintiff, Lamar Advantage GP Company, William R. Woessner, and Steven Brown, request that the Court enter an Order that:

a.  Declares that the PTM Lease and/or any Lease Agreement between MATR and PTM Advertising (MATR Lease Agreement) is void *ab inito* as Robinson failed to follow the mandates of the Sunshine Act;

b.  Declares that the official action taken by MATR in 2020 is procedurally defective, is in violation of the Sunshine Act, and thus void *ab inito*, in that MATR failed to vote and approve the construction, erection, maintenance and leasing of commercial Billboards with PTM Advertising (68 Pa.C.S.A.§710.1);

c.  Permanently restrains and/or enjoins MATR, its agents, servants, employees, and officers from acting on the PTM Lease and/or any Lease Agreement with PTM Advertising (MATR Lease Agreement);

d.  Directs that MATR comply will all applicable provisions of the Sunshine Act;

e.  Directs MATR to remove or caused to be removed all of the PTM Signs, (**billboards located on real property owned by MATR**);

f.  Imposes fines for summary offense upon members of the MATR Board of Directors for violations of the Sunshine Act;

g.  Awards the Plaintiffs the cost of these proceedings, including the payment of attorneys' fees pursuant to 68 Pa.C.S.A.§§ 713, 714; and

h.  Grants such other and further relief as the Court may find to be just and necessary.

**JURY TRIAL DEMANDED**

## COUNT VIII

### VIOLATION OF
### DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT
### TO THE U.S. CONSTITUTION (42 U.S.C. § 1983) AND THE PENNSYLVANIA
### CONSTITUTION (ARTICLE 1 §§ 1, 26)

### Plaintiffs v. Robinson

217.    The Plaintiffs incorporate the averments of the preceding paragraphs as if the same were set forth in detail.

218.    The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides, in relevant part: that the government shall not "deprive any person of life, liberty, or property without due process of law." U.S. Const. Amend. XIV.

219.    The corresponding portions of the Pennsylvania Constitution provide, "[a]ll men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness." PA. Const. Art. I, § 1.

220.    The fundamental components of procedural due process are notice and the opportunity to be heard."

221.    The key factor in determining whether procedural due process is denied is whether the party asserting the denial of due process suffered demonstrable prejudice.

222.    There can be no claim of a denial of due process, either substantive or procedural, absent deprivation of either a liberty or a property right.

36

223.     At all times relevant, Lamar was and is required by Robinson Township to pursue conditional use approval of their Billboards in accordance with the Robinson Zoning Ordinance process for approval of a Billboard as a conditional use through the process as hereinabove described.

224.     In contrast, as set forth above, PTM Advertising has been able to circumvent the Robinson Zoning Ordinance process for approval of its Billboards.

225.     Additionally, as set forth above, Woessner and Brown whose properties are located directly across from Clever Park observed for the first time on or about November 11, 2020, the erection and operation of a Billboard containing commercial advertising.

226.     Woessner and Brown believe and therefore aver that the placement of a Billboard directly across from their property will cause their respective properties to be diminished in value.

227.     Due to Robinson's violation of the Sunshine Act, as set forth herein above, Lamar was denied notice and opportunity to be heard as it relates to the PTM Lease and/or any Lease Agreement between Robinson and PTM Advertising.

228.     Similarly, due to Robinson's violation of the Sunshine Act, as set forth herein above, Woessner and Brown were denied notice and opportunity to be heard as it relates to the approval of PTM billboard located near their respective properties.

229.     For the aforesaid reasons, as a matter of law, Robinson's actions denied Lamar due process protection of the law, in violation of the United States Constitution, Amendment XIV and the Pennsylvania Constitution.

WHEREFORE, Plaintiff, Lamar Advantage GP Company, William R. Woessner, and Steven Brown, request that the Court enter an Order that:

    a.  Declares that the PTM Lease and/or any Lease Agreement between Robinson and PTM Advertising is void *ab inito* as Robinson violated the mandates of the Sunshine Act;

    b.  Declares that the acts of Robinson in entering into the PTM Lease and/or any Lease Agreement with PTM Advertising violated the Plaintiff constitutional rights of due process;

    c.  Prohibits Robinson from taking any further action in violation of the Plaintiffs constitutional rights of due process;

d.  Permanently retrains and/or enjoins Robinson, its agents, servants, employees, and officers from acting on the PTM Lease and/or any Lease Agreement with PTM Advertising;

e.  Directs Robinson to remove or caused to be removed all of the PTM Signs located on Robinson's property and the property owned by MATR;

f.  Awards the Plaintiffs damages including compensatory and punitive;

g.  Awards the Plaintiffs the cost of these proceedings, including the payment of attorneys' fees; and

h.  Grants such other and further relief as the Court may find to be just and necessary.

**JURY TRIAL DEMANDED**

## COUNT IX

### VIOLATION OF
### DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT
### TO THE U.S. CONSTITUTION (42 U.S.C. § 1983) AND THE PENNSYLVANIA
### CONSTITUTION (ARTICLE 1 §§ 1, 26)

#### Plaintiffs v. MATR

230.    The Plaintiffs incorporate the averments of the preceding paragraphs as if the same were set forth in detail.

231.    At all times relevant, Lamar was and is required by Robinson Township to pursue conditional use approval of their Billboards in accordance with the Robinson Zoning Ordinance process for approval of a Billboard as a conditional use through the process as hereinabove described.

232.    In contrast, as set forth above, PTM Advertising has been able to circumvent the Robinson Zoning Ordinance process for approval of its PTM Signs, (**billboards located on real property owned by MATR).**

233.    Due to MATR's violation of the Sunshine Act, as set forth herein above, Lamar was denied notice and opportunity to be heard as it relates to the PTM Signs, (**billboards located on real property owned by MATR**) and/or any Lease Agreement between MATR and PTM Advertising (MATR Lease Agreement).

234.    Similarly, due to Robinson's violation of the Sunshine Act, as set forth herein above, Woessner and Brown were denied notice and opportunity to be heard as it relates to the to be heard as it relates to the PTM Signs, (**billboards located on real property owned by MATR**) and/or any Lease Agreement between MATR and PTM Advertising (MATR Lease Agreement).

235.    For the aforesaid reasons, as a matter of law, MATR's actions denied the Plaintiffs due process protection of the law, in violation of the United States Constitution, Amendment XIV and the Pennsylvania Constitution.

WHEREFORE, Plaintiff, Lamar Advantage GP Company, William R. Woessner, and Steven Brown, request that the Court enter an Order that:

a.    Declares that the PTM Lease and/or any Lease Agreement between Robinson and PTM Advertising is void *ab inito* as Robinson violated the mandates of the Sunshine Act;

b.    Declares that the acts of Robinson in entering into the PTM Lease and/or any Lease Agreement with PTM Advertising (MATR Lease Agreement), violated the Plaintiff constitutional rights of due process;

c.    Prohibits Robinson from taking any further action in violation of the Plaintiffs constitutional rights of due process;

d.    Permanently retrains and/or enjoins Robinson, its agents, servants, employees, and officers from acting on the PTM Lease and/or any Lease Agreement with PTM Advertising (MATR Lease Agreement);

e.    Directs MATR to remove or caused to be removed all of the PTM Signs, (**billboards located on real property owned by MATR);**

f.    Awards the Plaintiffs damages including compensatory and punitive;

g.    Awards the Plaintiffs the cost of these proceedings, including the payment of attorneys' fees; and

h.    Grants such other and further relief as the Court may find to be just and necessary.

**JURY TRIAL DEMANDED**

**COUNT X**

**ACTION FOR DECLARATORY RELIEF**
**(42 Pa.C.S. § 7531 *et seq.*)**

39

**Plaintiffs v. Robinson and MATR**

236.    The Plaintiffs incorporate the averments of the preceding paragraphs as if the same were set forth in detail.

237.    This is an action for declaratory judgement pursuant to 42 Pa.C.S.A. §§ 7531 *et seq*., for the purpose of determining questions of actual controversy between the parties as herein described.

238.    As aforesaid, the erection of the Billboards upon real property owned by Robinson and/or MATR has occurred in zoning districts which do not permit Billboards as a use by right or conditional use.

239.    For the reasons set forth above a declaratory judgment is necessary, to confirm that Robinson and MATR are in violation of the Sunshine Act and therefore an Order of Court is necessary which finds:

   a.   the official action taken by Robinson on August 3, 2020 is procedurally defective, is in violation of the Sunshine Act, and thus void *ab inito*, in that Robinson failed to vote and approve the construction, erection, maintenance and leasing of commercial Billboards with PTM Advertising (68 Pa.C.S.A.§710.1);

   b.   the official action taken by MATR's Board of Directors in 2020 as the PTM Signs, (**billboards located on real property owned by MATR)** is procedurally defective, is in violation of the Sunshine Act, and thus void *ab inito*, in that MATR failed to vote and approve the construction, erection, maintenance and leasing of commercial Billboards with PTM Advertising (MATR Lease Agreement) (68 Pa.C.S.A.§710.1);

   c.   the PTM Lease and/or any Lease Agreement between Robinson and PTM Advertising is void *ab inito* as Robinson failed to follow the mandates of the Sunshine Act;

   d.   the PTM Lease and/or any Lease Agreement between MATR and PTM Advertising (MATR Lease Agreement), for the PTM Signs, (**billboards located on real property owned by MATR**) is void *ab inito* as MATR failed to follow the mandates of the Sunshine Act; and

   e.   the acts of Robinson and MATR in entering into the PTM Lease and/or any Lease Agreement with PTM Advertising (MATR Lease Agreement), violated the

Plaintiffs constitutional rights to equal protection and due process in the approval process and in being denied the right to bid (*See* Counts I, II and III)

WHEREFORE Plaintiffs, Lamar Advantage GP Company, William R. Woessner, and Steven Brown, request that the Court enter an Order that:

a. Declares that any Lease Agreement between Robinson and PTM Advertising and/or MATR and PTM Advertising (MATR Lease Agreement), is void *ab inito* as Robinson failed to follow the Robinson Zoning Ordinance for approval of it as a conditional use and/or;

b. Declares that the acts of Robinson and MATR in entering into the PTM Lease and/or any Lease Agreement with PTM Advertising (MATR Lease Agreement), violated the Plaintiffs constitutional rights to equal protection and due process and/or;

c. Declares that the erection of the Billboards located on Robinson and/or MATR properties exist and operate in violation of the Robinson Zoning Ordinance;

d. Permanently restrains and/or enjoins Robinson and MATR, its agents, servants, employees, and officers from allowing the continued operation of the Billboards on Robinsons and MATR real property;

e. Declares that the official action taken by Robinson on August 3, 2020 is procedurally defective, is in violation of the Sunshine Act, and thus void *ab inito*, in that Robinson failed to vote and approve the construction, erection, maintenance and leasing of commercial Billboards with PTM Advertising (68 Pa.C.S.A.§710.1);

f. Declares that the official action taken by MATR's Board of Directors in 2020 as the PTM Signs, (**billboards located on real property owned by MATR**) is procedurally defective, is in violation of the Sunshine Act, and thus void *ab inito*, in that MATR failed to vote and approve the construction, erection, maintenance and leasing of commercial Billboards with PTM Advertising (MATR Lease Agreement) (68 Pa.C.S.A.§710.1);

g. Declares that the PTM Lease and/or any Lease Agreement between Robinson and PTM Advertising is void *ab inito* as Robinson failed to follow the mandates of the Sunshine Act and thereafter;

h.  Declares that the PTM Lease and/or any Lease Agreement between MATR and PTM Advertising (MATR Lease Agreement), for the PTM Signs, (**billboards located on real property owned by MATR**) is void *ab inito* as MATR failed to follow the mandates of the Sunshine Act and thereafter;

i.  Prohibit Robinson and MATR from taking any further action in violation of the Plaintiffs constitutional rights of equal protection rights and due process;

j.  Permanently restrains and/or enjoins Robinson and MATR, its respective agents, servants, employees, and officers from allowing the continued operation of the Billboards pursuant to the PTM Lease and/or any Lease Agreement with PTM Advertising (MATR Lease Agreement);

k.  Awards the Plaintiffs the cost of these proceedings, including the payment of attorneys' fees; and

l.  Grants such other and further relief as the Court may find to be just and necessary.

**JURY TRIAL DEMANDED**

**COUNT XI**

**PRELIMINARY INJUNCTION**

**Plaintiffs v. Robinson and MATR**

240.    The Plaintiffs incorporate the averments of the preceding paragraphs as if the same were set forth in detail.

241.    As aforesaid, in the Land Use Appeal, the Honorable Judge James issued an Order of Court and Findings of Fact and Conclusions of Law holding that: (1) the approval of the signs as municipal signs or welcome signs was in error, and (2) The signs are billboards and are only permitted as conditional uses under the existing Code.".  See: Exhibit "C" and Exhibit "D", respectively.  Note the Findings of Fact filed by Judge James (Exhibit "D", does not have the referenced Exhibits attach.  See Exhibit "B".

242.    On May 28, 2022, this Honorable Court entered an Order lifting the stay in the instant matter. (See, ECF Doc. 38).

243.    On June 1, 2022, Judge James entered an Order granting the Plaintiffs' Application to Vacate the Automatic Supersedeas.  (See: Exhibit "E").

42

244. If Robinson and MATR are permitted to continue the PMT Leases in force and in effect (the Robinson PTM Lease and the MATR Lease Agreement with PTM, Plaintiffs for the reasons set forth herein including the continual depravation of their constitutional rights of due process, will suffer immediate, significant, irreparable harm that cannot be adequately compensated by monetary damages.

245. Additionally, Robinson, MATR and PTM Leasing will continue to collect rental income from the illegal PTM Signs (billboards) such that the Plaintiffs have no redress.

246. Injunctive relief is necessary to prevent immediate and irreparable harm, namely the depravation of the Plaintiffs' constitutional rights of due process and the improper continuation of Robinson, MATR and PTM Lease to collect rental income from the illegal PTM Signs (billboards).

247. For the reasons set forth herein. greater injury will occur from refusing to grant this injunction than from granting it.

248. The injunction will restore the parties to the status quo as it existed before the Defendants acted in violation of the Robinson zoning approval process and the Sunshine Act.

249. The Plaintiffs are likely to prevail on the merits as the Robinson zoning approval process as found by Judge James in his Order of Court and Findings of Fact and Conclusions of Law in the Land Use Appeal was in error. See: Exhibit "C" and Exhibit "D, respectively.

250. The public interest would be served by granting this injunction as the Robinson zoning ordinance approval process will be equally applied to all of the citizen of Robinson.

251. By virtue of the foregoing, the Plaintiffs have demonstrated a likelihood of success on the merits and that a balance of the equities favors the issuance of a preliminary injunction against Robinson and MATR.

WHEREFORE Plaintiffs, Lamar Advantage GP Company, William R. Woessner, and Steven Brown, request that the Court enter an Order that:

a. Declares that any Lease Agreement between Robinson and PTM Advertising and/or MATR and PTM Advertising (MATR Lease Agreement), is void *ab inito* as Robinson failed to follow the Robinson Zoning Ordinance for approval of it as a conditional use and/or;

b. Declares that the acts of Robinson and MATR in entering into the PTM Lease and/or any Lease Agreement with PTM Advertising (MATR Lease Agreement),

violated the Plaintiffs constitutional rights to equal protection and due process and/or;

c.   Declares that the erection of the Billboards located on Robinson and/or MATR properties exist and operate in violation of the Robinson Zoning Ordinance;

d.   Permanently restrains and/or enjoins Robinson and MATR, its agents, servants, employees, and officers from allowing the continued operation of the Billboards on Robinsons and MATR real property;

e.   Declares that the official action taken by Robinson on August 3, 2020 is procedurally defective, is in violation of the Sunshine Act, and thus void *ab inito*, in that Robinson failed to vote and approve the construction, erection, maintenance and leasing of commercial Billboards with PTM Advertising (68 Pa.C.S.A.§710.1);

f.   Declares that the official action taken by MATR's Board of Directors in 2020 as the PTM Signs, (**billboards located on real property owned by MATR**) is procedurally defective, is in violation of the Sunshine Act, and thus void *ab inito*, in that MATR failed to vote and approve the construction, erection, maintenance and leasing of commercial Billboards with PTM Advertising (MATR Lease Agreement) (68 Pa.C.S.A.§710.1);

g.   Declares that the PTM Lease and/or any Lease Agreement between Robinson and PTM Advertising is void *ab inito* as Robinson failed to follow the mandates of the Sunshine Act and thereafter;

h.   Declares that the PTM Lease and/or any Lease Agreement between MATR and PTM Advertising (MATR Lease Agreement), for the PTM Signs, (**billboards located on real property owned by MATR**) is void *ab inito* as MATR failed to follow the mandates of the Sunshine Act and thereafter;

i.   Prohibit Robinson and MATR from taking any further action in violation of the Plaintiffs constitutional rights of equal protection rights and due process;

j.   Preliminarily restrains and/or enjoins Robinson and MATR, its respective agents, servants, employees, and officers from allowing the continued operation of the Billboards pursuant to the PTM Lease and/or any Lease Agreement with PTM Advertising (MATR Lease Agreement);

    k.   Awards the Plaintiffs the cost of these proceedings, including the payment of attorneys' fees; and

    l.   Grants such other and further relief as the Court may find to be just and necessary.

**JURY TRIAL DEMANDED**

**COUNT XII**

**PERMANENT INJUNCTIVE RELIEF**

**Plaintiffs v. Robinson and MATR**

252.    The Plaintiffs incorporate the averments of the preceding paragraphs as if the same were set forth in detail.

253.    As set forth above, Robinson and MATR are in violation of the Sunshine Act.

254.    Pursuant to 65 Pa.C.S.A. § 713, a court may enjoin any challenged action until a judicial determination of the legality of the meeting(s) at which the action was adopted is reached.

255.    As aforesaid, the Plaintiffs believe and therefore aver that the Robinson Board of Commissioners entered into Lease Agreement with PTM Advertising for Billboards in violation of the Sunshine Act for lack of proper public notice of their intent to approve Billboards on their Agendas. (68 Pa.C.S.A.§710.1).

256.    For the reasons set for above, the aforesaid official action by Robinson on August 3, 2020, is in violation of the Sunshine Act in that Robinson entered into a Lease Agreement with PTM Advertising for Billboards without permitting public participation on their intended action of approving Billboards. (68 Pa.C.S.A.§710.1).

257.    For the reasons set forth above, any alleged official action in 2020 by MATR in approving the Lease Agreement with PTM Advertising for PTM Signs (MATR Lease Agreement), is in violation of the Sunshine Act for lack of proper public notice of their intent to approve the PTM Signs on MATR's Agendas. (68 Pa.C.S.A.§710.1).

258.    For the reasons set for above, the aforesaid official action by MATR in 2020 is in violation of the Sunshine Act in that MATR entered into a Lease Agreement with PTM Advertising for Billboards (MATR Lease Agreement), without permitting public participation on their intended action of approving commercial Billboards. (68 Pa.C.S.A.§710.1).

259.    For the reasons set forth above, the aforesaid official action in 2020 by MATR in failing to vote and approve the construction, erection, maintenance and leasing of commercial

45

Billboards is procedurally defective and in violation of the Sunshine Act for lack of proper public notice. (68 Pa.C.S.A.§710.1).

260.    Moreover, due to Robinson's violations of the Plaintiffs' constitutional rights under equal protection and due process as afforded under United States Constitution, Amendment XIV and the Pennsylvania Constitution, as set forth herein above, the Plaintiffs are without an adequate remedy at law.

261.    Robinson's and MATR's violations of the Plaintiffs' constitutional rights under the equal protection and due process clauses as afforded under United States Constitution, Amendment XIV and the Pennsylvania Constitution is not compensable by money damages.

262.    The erection of the Billboards upon real property owned by Robinson and/or MATR has occurred in zoning districts which do not permit Billboards as a use by right or conditional use.

263.    Additionally, the erection of the Billboards upon real property owned by Robinson and/or MATR has occurred without regard to any zoning approval process; including public notice and public hearing as herein described.

264.    The Honorable Judge James in the Land Use Appeal issued an Order of Court and Findings of Fact and Conclusions of Law that the signs or welcome signs was in error and the signs are billboards and are only permitted as conditional uses under the existing Code."

265.    As set forth above, Robinson and MATR are in violation of the Sunshine Act.

266.    Pursuant to 65 Pa.C.S.A. § 713, a court may enjoin any challenged action until a judicial determination of the legality of the meeting(s) at which the action was adopted is reached.

267.    As aforesaid, the Plaintiffs believe and therefore aver that the Robinson Board of Commissioners entered into Lease Agreement with PTM Advertising for Billboards in violation of the Sunshine Act for lack of proper public notice of their intent to approve Billboards on their Agendas. (68 Pa.C.S.A.§710.1).

268.    For the reasons set for above, the aforesaid official action by Robinson on August 3, 2020 is in violation of the Sunshine Act in that Robinson entered into a Lease Agreement with PTM Advertising for Billboards without permitting public participation on their intended action of approving Billboards. (68 Pa.C.S.A.§710.1).

269.    For the reasons set forth above, any alleged official action in 2020 by MATR in approving the Lease Agreement with PTM Advertising for PTM Signs (MATR Lease Agreement),

is in violation of the Sunshine Act for lack of proper public notice of their intent to approve the PTM Signs on MATR's Agendas. (68 Pa.C.S.A.§710.1).

270.    For the reasons set for above, the aforesaid official action by MATR in 2020 is in violation of the Sunshine Act in that MATR entered into a Lease Agreement with PTM Advertising for Billboards (MATR Lease Agreement), without permitting public participation on their intended action of approving commercial Billboards. (68 Pa.C.S.A.§710.1).

271.    For the reasons set forth above, the aforesaid official action in 2020 by MATR in failing to vote and approve the construction, erection, maintenance and leasing of commercial Billboards is procedurally defective and in violation of the Sunshine Act for lack of proper public notice. (68 Pa.C.S.A.§710.1).

272.    Moreover, due to Robinson's violations of the Plaintiffs' constitutional rights under equal protection and due process as afforded under United States Constitution, Amendment XIV and the Pennsylvania Constitution, as set forth herein above, the Plaintiffs are without an adequate remedy at law.

273.    Robinson's and MATR's violations of the Plaintiffs' constitutional rights under the equal protection and due process clauses as afforded under United States Constitution, Amendment XIV and the Pennsylvania Constitution is not compensable by money damages.

274.    The erection of the Billboards upon real property owned by Robinson and/or MATR has occurred in zoning districts which do not permit Billboards as a use by right or conditional use.

275.    Additionally, the erection of the Billboards upon real property owned by Robinson and/or MATR has occurred without regard to any zoning approval process; including public notice and public hearing as herein described.

276.    Robinson, MATR and PTM Leasing will continue to collect rental income from the illegal billboards such that the Plaintiffs have no redress.

277.    Injunctive relief is necessary to prevent irreparable harm, namely the improper continuation of Robinson, MATR and PTM Lease to collect rental income from the illegal PTM Signs (billboards).

278.    Greater injury will result from the denial of the injunction than from granting the injunction because the Plaintiffs will lose its fundamental constitutional rights.

279.    This injunction will restore or keep the status quo between the parties.

280.    The Plaintiffs have a clear right to relief in an actionable claim and if Robinson and MATR are not enjoined, the same will result in irreparable harm to the Plaintiffs.

WHEREFORE Plaintiffs, Lamar Advantage GP Company, William R. Woessner, and Steven Brown, request that the Court enter an Order that:

a.    Declares that any Lease Agreement between Robinson and PTM Advertising and/or MATR and PTM Advertising (MATR Lease Agreement), is void *ab inito* as Robinson failed to follow the Robinson Zoning Ordinance for approval of it as a conditional use and/or;

b.    Declares that the acts of Robinson and MATR in entering into the PTM Lease and/or any Lease Agreement with PTM Advertising (MATR Lease Agreement), violated the Plaintiffs constitutional rights to equal protection and due process and/or;

c.    Declares that the erection of the Billboards located on Robinson and/or MATR properties exist and operate in violation of the Robinson Zoning Ordinance;

d.    Permanently restrains and/or enjoins Robinson and MATR, its agents, servants, employees, and officers from allowing the continued operation of the Billboards on Robinsons and MATR real property;

e.    Declares that the official action taken by Robinson on August 3, 2020 is procedurally defective, is in violation of the Sunshine Act, and thus void *ab inito*, in that Robinson failed to vote and approve the construction, erection, maintenance and leasing of commercial Billboards with PTM Advertising (68 Pa.C.S.A.§710.1);

f.    Declares that the official action taken by MATR's Board of Directors in 2020 as the PTM Signs, (**billboards located on real property owned by MATR**) is procedurally defective, is in violation of the Sunshine Act, and thus void *ab inito*, in that MATR failed to vote and approve the construction, erection, maintenance and leasing of commercial Billboards with PTM Advertising (MATR Lease Agreement) (68 Pa.C.S.A.§710.1);

g.    Declares that the PTM Lease and/or any Lease Agreement between Robinson and PTM Advertising is void *ab inito* as Robinson failed to follow the mandates of the Sunshine Act and thereafter;

h.  Declares that the PTM Lease and/or any Lease Agreement between MATR and PTM Advertising (MATR Lease Agreement), for the PTM Signs, (**billboards located on real property owned by MATR**) is void *ab inito* as MATR failed to follow the mandates of the Sunshine Act and thereafter;

i.  Prohibit Robinson and MATR from taking any further action in violation of the Plaintiffs constitutional rights of equal protection rights and due process;

j.  Permanently restrains and/or enjoins Robinson and MATR, its respective agents, servants, employees, and officers from allowing the continued operation of the Billboards pursuant to the PTM Lease and/or any Lease Agreement with PTM Advertising (MATR Lease Agreement);

k.  Awards the Plaintiffs the cost of these proceedings, including the payment of attorneys' fees; and

l.  Grants such other and further relief as the Court may find to be just and necessary.

**JURY TRIAL DEMANDED**

Respectfully submitted;

SMITH BUTZ, LLC

/s/ John M. Smith
JOHN M. SMITH, ESQUIRE
PA. I.D. NO. 75663
jmsmith@smitbutzlaw.com
125 Technology Drive, Suite 202
Bailey Center I, Southpointe
Canonsburg, PA 15317

*Attorney for the Plaintiffs,*
*Lamar Advantage GP Company,*
*William R. Woessner and*
*Steven Brown*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 13, 2022, I electronically filed the foregoing AMENDED COMPLAINT with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to all counsel of record.


/s/ John M. Smith
*Attorney for Plaintiffs*